410 A.2d 334

**COMMONWEALTH of Pennsylvania,**

**v.**

**Dennis DONNELLY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Filed Sept. 14, 1979.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and LIPEZ, JJ.

VAN der VOORT, Judge:

Appeal is taken from an Order of the lower court denying without hearing relief sought pursuant to the Post Conviction Hearing Act, Act of 1966, Jan. 25, P.L. 1580, 19 P.S. § 1180–1 *et seq.* Pertinent facts are that appellant was charged with two counts of burglary and one of unlawfully carrying a firearm. Crimes Code, Act of 1972, Dec. 6, No. 334, 18 Pa.C.S. §§ 3502 and 6106. After certain pre-trial proceedings were completed, the case came on for hearing, at which time appellant entered a plea of guilty to all charges. His counsel stated to the court that he understood the plea bargain to be structured upon a proposed sentence of two to five years imprisonment to run concurrently to an existing sentence out of the Montgomery County Court. The Commonwealth expressed no disagreement with this statement, and the court conducted a colloquy, following which it accepted the plea as bargained. Sentence was rendered to be two to five years imprisonment on the burglary convictions, and one to two years on the firearms violation, to be served concurrently at Camp Hill.

Appellant now alleges that his guilty plea was entered unknowingly and that his counsel's representation was ineffective. This argument he bases upon the proposition that at the time of entry of the plea, he understood the bargain to be that the instant sentence would run concurrently with the existing sentence out of Montgomery County, as to which he apparently was released on parole at the time of the instant trial on March 15, 1978. However, appellant tells us in his brief that forty days after imposition of the instant sentence, the Board of Probation and Parole revoked his parole on this prior 6-to-12 sentence out of Montgomery County, and remanded him to prison to serve that time, only after which serving of time would he complete serving the instant sentence out of Dauphin County.

The statute under which the Board revokes the parole of one who, while released on parole, commits a crime for which he is convicted and sentenced "to any place of confinement other than the penitentiary from which he or she

was released on parole", requires that he be remanded to the penitentiary from which he had been released on parole, or to any other institution, to serve the remainder of his term without commutation, this to follow expiration of the sentence for the crime committed while on parole. Act of 1911, June 19, P.L. 1055, as amended, 61 P.S. § 305, repealed effective June 27, 1978 (after the herein challenged sentencing). The record in this case is deficient to the extent that it does not contain information regarding this parole. We garner the truth thereof only from the brief of the appellant, which alludes to his parole status at the time of the instant trial, unchallenged by the Commonwealth. Nor does the record clarify which term of imprisonment he is presently serving. Appellant's P.C.H.A. petition states that he is incarcerated at Graterford, but his Dauphin County sentence was stated to be at Camp Hill. Thus we cannot determine which sentence is being carried out, albeit that the Act, *supra*, § 305, states that the sentence rendered secondly (to other than the institution from which he was paroled) shall first be served, after the expiration of which is to be served the remainder of that sentence on which the accused had been released on parole.[1]

Regardless of this confusion in the record, it is clear that the plea bargain as stated by counsel was impossible of fulfillment because the two sentences of imprisonment could not be served concurrently under the state of the law at the time the second was rendered. Act, *supra*, § 305. Thus there is a discrepancy between that which is stated to be the content of the plea bargain and the actual sentence rendered by the lower court (Dauphin County), which stated only that the periods of incarceration on the charges would be concurrent one with the others. We are led to the conclusion that it was possible that appellant did not understand the plea bargain and entered into it unknowingly, and was represented ineffectively in this regard. Or it is possible that appel-

1. We note in passing that the second provision of § 305 does not appear applicable on the facts as we have them. This section obtains only when the same penitentiary is assigned for both sentences, in which situation the first sentence is to be served prior to the second.

lant did enter into the plea knowingly and that the ground of the aforementioned discrepancy was a mere misstatement. To clarify this matter, we must remand for an evidentiary hearing. P.C.H.A., *supra*, § 1180-9. Also the lower court, if it finds as a matter of fact that the plea was entered knowingly, must resentence appellant so as to comport with the Act of 1911, *supra*, § 305, which was in effect at the time of sentencing.

Remanded for evidentiary hearing, with directions.

If it be found at this hearing that appellant's guilty plea was made unknowingly and that counsel had not fully explained the bargain, then a new trial is ordered. If it be found at this hearing that appellant's guilty plea was knowingly and intelligently made, and that the allegations proposed in his P.C.H.A. petition and brief to us are without merit, then the order denying relief is affirmed, with the proviso that the defendant-appellant be resentenced in such a manner that the new sentence run concurrently with that imposed for violation of his parole.